# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER CARNELL and<br>JERRY D. YANCY,<br><br>    Plaintiffs,<br><br>v.<br><br>HARDEMAN COUNTY GOVERNMENT,<br><br>    Defendant.<br><br>Consolidated with<br><br>HEATHER D. CARNELL,<br><br>    Plaintiff,<br><br>v.<br><br>HARDEMAN COUNTY GOVERNMENT,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:20-cv-02179-STA-atc<br><br><br><br><br><br><br><br><br><br>No. 1:21-cv-01012-STA-tmp |

## ORDER CONSOLIDATING CASES

Before the Court are two related Fair Labor Standards Act cases, *Heather Carnell and Jerry D. Yancy v. Hardeman County Government*, civil case no. 1:20-cv-02179-STA-atc; and *Heather D. Carnell v. Hardeman County Government*, civil case no. 1:21-cv-01012-STA-tmp. On May 19, 2021, the Court directed the parties in case no. 1:21-cv-01012-STA-tmp to file a status report and show why the two actions should not be consolidated into a single action. The parties filed their status report (ECF No. 9, no. 1:21-cv-01012-STA-tmp) as directed and state

1

that they have no objection to consolidation.  The parties do request the modification of the current scheduling order in case no. 1:20-cv-02179-STA-atc.

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate two actions if the cases "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  In the Sixth Circuit, courts consider a number of factors to determine whether consolidation is appropriate, such as

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the  risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1495 (6th Cir.1985)).  In this case, the Court finds that the requirements of Rule 42 are met and that good cause therefore exists to consolidate the two cases.

Therefore, the Court will consolidate the two actions for all further proceedings.  The Clerk of Court is directed to docket a copy of this order in both cases.  Upon the consolidation of the two cases, the parties are directed to file any motions or other papers using a heading containing the style of both cases and case numbers and to submit all future motions and other filings on the docket of both cases.

As for the parties' request to modify the current case management deadlines, the parties may file a motion for that purpose.  The parties' motion should indicate what discovery they have completed to date and what discovery remains to be taken.  The parties should also indicate whether the trial of both actions can proceed as scheduled on November 29, 2021.  The parties have 21 days from the entry of this order to confer and file their motion to amend the current schedule along with a proposed amended scheduling order.

Finally, the Court notes that the current scheduling order (ECF No. 15, no. 1:20-cv-02179-STA-atc) required the parties to engage in mediation by October 2, 2020, and then filed a report with the Court within seven days.  Pursuant to the mediation requirement set forth in the Scheduling Order and section 5.11(b) of the Court's Plan for Alternative Dispute Resolution, the parties are ordered to file their report with the Court stating (1) the name of their mediator; (2) the date on which mediation occurred and without stating the parties respective positions, whether the early mediation was successful; and (3) the parties' position on whether further mediation sessions, including but not limited to a settlement conference conducted by a judicial officer, would be productive.  The parties' Mediation Certification is due no later than June 10, 2021.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  June 3, 2021