**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRTICT OF TENNESSEE**
**EASTERN DIVISION**

HEATHER D. CARNELL and
JERRY D. YANCEY,

     *Plaintiffs,*

v.                                                                      No.  1:20-cv-2179-STA-cgc

HARDEMAN COUNTY GOVERNMENT, et. al,

     *Defendant*.

ORDER ON SHOW OF CAUSE AND SCHEDULING ORDER

Before the Court is the parties' Response to Order to Show Cause.  (ECF No 62.)  On February 16, 2022, this Court ordered the parties in this matter to submit a proposed scheduling order by February 21, 2022.  (ECF No. 60.)  Believing that it had not received a proposed scheduling order by the stated deadline, the Court issued an Order to Show Cause.  (ECF No. 61.)  On March 18, 2022, the parties submitted their Response, stating that the parties had timely submitted a proposed scheduling order in this matter.  After reviewing its internal e-mail system, the Court acknowledges that the parties timely submitted a proposed scheduling order in this matter.  Therefore, for good cause shown, the parties are not held in contempt, and the Response to Order to Show Cause is accepted as well-taken.

As to the proposed scheduling order in this matter, the Court notes that it adopts the proposal with one exception: the Dispositive Motions Deadline has been moved from August 26, 2022, to August 5, 2022.  All other deadlines in the Scheduling Order are the same as those in the proposal.

Finally, barring any unforeseen circumstances, the Court notes that this matter is expected to proceed to trial as currently scheduled on September 26, 2022.

Pursuant to Local Rule 16.2, a scheduling conference was held on October 7, 2021. Present were William Sessions, counsel for plaintiff, and Mickey Schmitt and Amber Shaw, counsel for defendants.

Prior to the scheduling conference, on October 1, 2021, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f).  After the scheduling conference, the parties agreed that an amended complaint would be filed in *Carnell, et al. v. Hardeman County Government*, Case No. 1:20-cv-2179, which incorporated the plaintiffs and claims set out in sister actions *Carnell v. Hardeman County Government,* Case No. 1:21-cv-1012, *McCord v. Hardeman County Government*, Case No. 1:20-cv-1109, and *Bates v. Hardeman County Government,* Case No. 1:20-cv-2869.  The sister actions have been dismissed and this action now controls. Several of the deadlines in these cases expired prior to the filing of the controlling Amended Complaint (Doc. No. 53).  In such instances, there will be no new deadline and the deadline will be stated as "Deadline Already Expired."  Counsel have likewise conferred again on February 28, 2022, and March 3, 2022, regarding this proposed scheduling order. The following dates are established as the final deadlines for:

INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1): March 25, 2022.

MOTIONS TO JOIN PARTIES: Deadline Expired.

MOTIONS TO AMEND PLEADINGS: Deadline Expired.

MOTIONS TO DISMISS: Deadline Expired

COMPLETING ALL DISCOVERY: July 8, 2022

(a) WRITTEN DISCOVERY:  June 3, 2022

(b) DEPOSITIONS: July 8, 2022

EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2):

(a) DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF)

RULE 26(a)(2) EXPERT INFORMATION: April 29, 2022

(b) DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2)

EXPERT INFORMATION: May 10, 2022

(c) EXPERT WITNESS DEPOSITIONS: July 8, 2022

MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS:

August 5, 2022

SUPPLEMENTATION UNDER RULE 26(e)(2): May 10, 2022

FILING DISPOSITIVE MOTIONS: August 5, 2022.

OTHER RELEVANT MATTERS:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement, and the Court approves the parties' e-discovery plan. Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date. Motions to compel discovery are to be filed and served by the discovery deadline

or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived. This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately ten (10) days.

The parties are ordered to engage in ADR before the close of discovery. The parties have chosen Michael Russell as mediator.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  April 4, 2022.