IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRTICT OF TENNESSEE
EASTERN DIVISION

HEATHER D. CARNELL, *et al.*,

    *Plaintiffs/Counter-Defendants,*

vs.

HARDEMAN COUNTY GOVERNMENT,

    *Defendant/Counter-Plaintiff*

No. 1:20-cv-2179-STA-cgc
JURY DEMAND

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND INCORPORATED MEMORANDUM IN SUPPORT OF JOINT MOTION

Plaintiffs Heather Carnell, Jerry Yancey, Rebecca Bates, Carrie Perrigo, Ryan Pannell, Robert Mark Barns, Troy Dempsey, Kent Crumley, Christopher Cox, and Bradley Peterson ("Plaintiffs"), and Defendant Hardeman County Government ("Defendant") (together, "the Parties"), by and through their respective counsel, file this joint motion seeking the court's approval of the FLSA and accompanying state law claims of Plaintiffs and the retaliation claims of Plaintiffs Carnell and Dempsey and incorporated memorandum in support of this joint motion. (the "Joint Motion"). In support of their Joint Motion, the Parties respectfully state as follows:

**I.     Relevant Procedural and Factual History.**

Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA") and under Tennessee common law. Plaintiffs allege that Defendant failed to pay them all overtime compensation due, accrued time, and plaintiffs Carnell and Dempsey brought retaliation claims. (*See generally* ECF No. 53 ). Defendant denies these allegations and further denies that it violated the FLSA in any respect whatsoever (*See generally* ECF No. 64). Defendant has filed

1

counterclaims against Plaintiffs alleging entitlement to reimbursement for certain overpayments to Plaintiffs. (Id.).

After the exchange of discovery and time and pay data of Plaintiffs, Plaintiff's Counsel calculated damages for Plaintiffs Carnell and Yancey and submitted an initial settlement demand to Defendant. Later in the discovery process, Defendant provided time and pay data of the other eight (8) Plaintiffs and Plaintiff's Counsel calculated damages for these Plaintiffs. Within sixty (60) days preceding the scheduled August 21, 2023 jury trial, Defendant deposed Plaintiffs Heather Carnell, Jerry Yancey, Carrie Perrigo, Ryan Pannell, Robert Mark Barns, Troy Dempsey, Kent Crumley, Christopher Cox, and Bradley Peterson. Plaintiff deposed former Hardeman County Mayor Jimmy Sain. Following the August 14, 2023 pre-trial conference the Parties were able to reach a settlement agreement. The parties notified the court of settlement on August 16, 2023. (ECF No. 92).

The settlement reached in this matter totals $145,000.00 This number is broken down as follows: $71,500.00 has been allocated to back pay to Plaintiffs, $71,500.00 has been allocated to Plaintiffs for liquidated damages, and $1,000.00 each to plaintiff's Carnell and Dempsey for their individual retaliatory claims.

Plaintiffs will file with the Court their attorneys' fees, time records in support of their time expended in this lawsuit as well as costs for the Court to determine a reasonable amount.

Because the Parties wish to avoid expending additional resources on this matter, they now jointly request that the Court enter an order approving the agreed-upon resolution of all claims of Plaintiffs claims and all counterclaims of Defendant. This resolution releases and resolves any and all claims and disputes relating to this matter. The Parties hereby submit their proposed agreed-upon resolution to the Court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp.3d 1024, 1026

2

(W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The Parties hereby respectfully request that the Court review their agreed-upon resolution under the standards set forth in *Lynn's Food Stores* and the FLSA.

**II.     Terms of the Proposed Settlement.**

    **A.     Settlement Amount and Allocation.**

The Settlement Agreement provides that Defendant will pay the total gross sum of $145,000.00 to Plaintiffs, which sum **does not** include Plaintiffs' attorneys' fees and costs. The details of the agreement are set forth in the Settlement Agreement, attached as *Exhibit A*.

    **B.     Release of Claims.**

In exchange for the payments to be made under the Settlement Agreement, Plaintiffs have agreed to dismiss this action with prejudice. Further, Plaintiffs, on behalf of their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, have agreed to release and discharge Defendant from any and all known and unknown claims for overtime compensation, minimum wages, liquidated damages, penalties and interest under the FLSA, unpaid accrued leave benefits, retaliation damages, or other claims for damages under applicable state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour and unpaid leave issues) alleged in or arising out of the acts alleged in this action. Defendant agrees to dismiss its counterclaims with prejudice.

## MEMORANDUM OF LAW

The Parties have reached a settlement which fairly and reasonably resolves the Parties' respective claims and defenses. This settlement agreement was negotiated at arm's length

between respective counsel for the Parties. As such, the Court should enter an order approving the settlement.

I. **The Proposed Settlement Fairly and Reasonably Resolves the Parties Respective Claims and Defenses.**

   A. **Standard for Settlement Approval**

Although it is not clear in this Circuit that court approval of a settlement of FLSA claims is required to be binding, parties are certainly free to seek court approval of a private lawsuit brought under Section 216(b). *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).[1] In reviewing an FLSA settlement, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355; *accord Simmons v. Mathis Tire & Auto Serv., Inc.,* No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015); *Wills v. Cellular Sales of Tenn., LLC,* No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Bartlow v. Grand Crowne Resorts of Pigeon Forge,* No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages [] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,* 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

   B. **A Bona Fide Dispute Exists Over Liability and Damages.**

---

[1] *But see Martin v. Spring Break '83 Prods., L.L.C.,* 688 F.3d 247, 257 (5th Cir. 2012) (holding where plaintiffs were represented by counsel and knew about their FLSA rights Court approval of an FLSA settlement was not required because there was little danger of the plaintiffs being disadvantaged by unequal bargaining power.)

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id; accord Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014). "A bona fide dispute has to do with whether some issue of the employer's liability is 'actually and reasonably in dispute.'" *Athan v. United States Steel Corp.*, --- F.3d ---, 2021 WL 805430, at *3 (E.D. Mich. Mar. 3, 2021) (citations omitted).

A bona fide dispute clearly exists here. This case was heavily litigated by the parties. Plaintiffs claim they were not paid for all hours worked over forty (40) in each workweek. Plaintiffs contend that they are entitled to overtime for these hours worked. Defendant specifically denies these claims and further denies that Plaintiffs are owed any additional overtime or other wages under the FLSA or any other laws.

In addition to the many disputes regarding Defendant's liability, the Parties have opposing views on other damages components such as: (1) how to calculate damages, (2) whether liquidated damages were available; (3) whether a two-year or three-year limitations period apply: and (4) whether Plaintiffs Carnell and Dempsey were entitled to any retaliation damages. Issues (1) - (3) were briefed and argued before the court one week before the start of trial and the Court's rulings as to these specific issues was beneficial to the settlement of this matter.

Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, and the

Second, no collusion occurred between the Parties or their counsel. *See Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). Rather, this settlement was reached as a result of arm's-length negotiations between the Parties through experienced attorneys. *See, e.g., Athan*, 2021 WL 805430, at *4 (finding no evidence of fraud or collusion in parties' FLSA settlement where parties reached an arms' length settlement over the course of a 12-hour mediation with an independent third-party mediator); *Fitzgerald v. P.L. Marketing, Inc.*, No. 17-02251, 2020 WL 3621250, at *6 (W.D. Tenn. July 2, 2020) (recognizing there were "no concerns about fraud or collusion" where FLSA settlement was product of two mediation sessions with a respected third-party mediator).

Third, during the litigation and settlement of this action, Plaintiffs were represented by counsel who are experienced in handling wage and hour actions. Plaintiffs' Counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' Counsel also has represented both employees and employers in similar FLSA litigation. Defense counsel is likewise experienced in defending similar claims. Counsel for the Parties have advised their respective clients regarding the settlement and they have recommended judicial approval. Courts routinely give these recommendations weight. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness); *Athan*, 2021 WL 805430, at *6 (recognizing opinions of class counsel and representatives favored approval of FLSA settlement).

7

Fourth, the range of possible recovery in this case was uncertain and the Parties had very divergent positions on liability overall and damages. "Given the uncertainty surrounding a possible trial in [these matters], the certainty and finality that comes with settlement [] weighs in favor of a ruling approving the agreement. Likewise, such a ruling promotes the public's interest in encouraging settlement of litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 08-1694, 2010 WL 7769033, at *6 (N.D. Ohio Mar. 8, 2010); *see also Fitzgerald*, 2020 WL 3621250, at *6 ("Public policy favors settlement of collective actions.").

Fifth, the proceedings have advanced through initial pleadings, fact investigation and an informal and formal discovery period, permitting the Parties and their experienced counsel to: (i) collect, obtain, and review evidence; (ii) review and assess data and other information; (iii) assess evidence provided in support of the claims and defenses in this matter; (iv) evaluate their claims and defenses; (v) understand the scope of potential damages; and (vi) engage in negotiations with the mutual understanding that with trial being imminent (within seven days) the costs of litigation would go up even more.

Sixth, the County Commission for Defendant has approved the $145,000.00 settlement.

Seventh, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and expense preparing for and trying this matter.

Rather than take this path, the Parties directed their efforts toward an informed, efficient resolution of the entirety of Plaintiffs' claims. While a number of issues remain unresolved, the expansive formal and informal discovery and fact investigation processes enabled counsel for the parties to critically assess the respective strengths and weaknesses of their case and reach the

conclusion that settlement is in the Parties' best interests. The settlement eliminates the inherent risks both sides would face if this case were to continue. *See, e.g., Athan*, 2021 WL 805430, at *5 ("The Parties have compromised to avoid experiencing either extreme outcome— an adverse judgment for Defendant. The Parties' settlement is a reasonable means for the Parties to minimize or altogether avoid future time expended, risks, and litigation costs."). Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter an order forthwith granting their Joint Motion approving the Parties' agreed-upon resolution of all of the claims asserted under the FLSA and accompanying state law claims for unpaid accrued leave benefits and other damages, the retaliation claims of Plaintiffs Carnell and Dempsey, and the counterclaims of Defendant against each Plaintiff, and dismissing this action with prejudice based upon the parties' agreement.

Jointly Submitted By:

/s/ William C. Sessions
WILLIAM C. SESSIONS, BPR #15017
FRANCES HILDEBRAND SESSIONS,
BPR # 16896
*Attorneys for Plaintiffs*
Sessions Law Firm, PLLC
P.O. Box 331
Brunswick, Tennessee 38014
(901) 848-9654
Wsessions@SessionsLawPllc.com
Bsessions@SessionsLawPllc.com

/s/ Robert O. Binkley, Jr
ROBERT O. BINKLEY JR., BPR #11991
DALE CONDER JR. BPR #15419
*Attorneys for Defendant Hardeman County*
Rainey, Kizer, Reviere, and Bell, PLC
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302
(731) 423-2414
Rbinkley@raineykizer.com
Dconder@raineykizer.com

/s/ Michael T. Schmitt
MICHAEL T. SCHMITT, BPR #26573
*Attorneys for Defendant Hardeman County*
Ortale, Kelley, Herbert & Crawford
200 Fourth Avenue, North – Third Floor
Nashville, Tennessee 37219
(615) 256-9999