**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

| | |
|---|---|
| **HEATHER D. CARNELL;** *et al.* )<br>)<br>    **Plaintiffs/Counter-Defendants,** )<br>)<br>**v.** )<br>)<br>**HARDEMAN COUNTY GOVERNMENT,** )<br>)<br>    **Defendant/Counter-Plaintiff.** ) | **Case No. 1:20-cv-2179-STA-cgc** |

---

### ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

---

Before the Court is the parties' Joint Motion to Approve Settlement Agreement (ECF No. 98) filed on October 27, 2023. The parties had previously filed a notice of settlement (ECF No. 92). The parties now seek court approval of their settlement agreement, which the parties have attached as an exhibit to their Joint Motion. After reviewing the Joint Motion, the parties' written settlement agreement, and the entire record of the case, the Court **GRANTS** the Joint Motion to Approve.

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who

can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

Based on a review of the parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute, all accompanying state law claims, and the two retaliation claims. The Settlement Agreement was negotiated and agreed upon in an adversarial context; both sides are represented by experienced labor and employment counsel; and the agreed-upon resolution represents a fair and reasonable compromise of the FLSA claims, all accompanying state law claims, and the two retaliation claims given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

For the foregoing reasons, the Court **GRANTS** the Joint Motion. Accordingly, Plaintiffs' claims against Defendant and Defendant's counterclaims against Plaintiffs are **DISMISSED WITH PREJUDICE**.  The parties have indicated that counsel for Plaintiffs will separately file a motion for attorney's fees.  Counsel's motion is due within 21 days of the entry of this order.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 8, 2023